UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

4205 PINE ISLAND LLC,

    Plaintiff,

v.   Case No.: 2:23-cv-1235-JLB-NPM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Plaintiff 4205 Pine Island LLC claims that Defendant Scottsdale Insurance Company breached an insurance contract by failing to cover damages to Plaintiff's commercial property, which occurred on September 28, 2022. (Doc. 16 at ¶¶ 7–9). Plaintiff's Amended Complaint contains one count for breach of contract and one count for declaratory relief. (*Id.* at ¶¶ 11–34). Defendant contends that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted or, in the alternative, Defendant moves for a more definite statement. (*See* Doc. 18). Plaintiff filed its response, arguing that the Amended Complaint adequately states a claim for relief. (*See* Doc. 19). After careful review of the record and the parties' arguments, the Court **GRANTS** the Motion to Dismiss. (Doc. 18).

1

## BACKGROUND[1]

Plaintiff owns commercial property located at 4205 Pine Island Road NW, Matlacha, Florida 33993 (the "Property"). (Doc. 16 at ¶¶ 4–5). Prior to September 28, 2022, Plaintiff purchased commercial property insurance (the "Policy") from Defendant to cover the Property. (*Id.* at ¶ 5). The Policy is attached to the Complaint. (Doc. 16 at 65–216). On September 28, 2022, the Property "was damaged by an abrupt collapse." (*Id.* at ¶ 7). Plaintiff filed an insurance claim for such damage and attached a letter from Defendant regarding such claim. (*Id.* at ¶ 5; *see also id.* at 217–22). Defendant has not acknowledged coverage for the loss or issued payment for Plaintiff's claim. (*Id.* at ¶ 9).

Plaintiff initially filed its complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida on November 27, 2023. (*See* Doc. 1-2). The complaint was served on Defendant on December 1, 2023. (*Id.* at 1). On December 29, 2023, Defendant removed the action to this Court based on grounds of diversity jurisdiction. (*See* Doc. 1). Namely, Defendant is incorporated in Ohio, with its principal place of business in Arizona, while Plaintiff is a Florida limited liability company with its only listed member a citizen of Massachusetts. (Doc. 1 at ¶¶ 5–7). The Notice of Removal states that Plaintiff submitted a repair proposal totaling $1,584,062.50 and attaches such estimate. (Doc. 1 at ¶ 12; Doc. 1-2 at 14–

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Amended Complaint. (*See* Doc. 16).

17).  Thus, the Court is satisfied that it has subject matter jurisdiction over this action.  *See* 28 U.S.C. § 1332(a).

After Defendant filed a motion to dismiss (Doc. 12), Plaintiff filed an Amended Complaint on January 16, 2024 (Doc. 16).  Subsequently, Defendant filed its current Motion to Dismiss the Amended Complaint.  (Doc. 18).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This standard does not require "detailed factual allegations" but demands more than an unadorned accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007)).  "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citation omitted).

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant*, 187 F.3d at 1273 n.1 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Sitting in diversity, the Court applies Florida substantive law to Count I, the breach of contract claim. *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). In Florida, a breach of contract claim consists of "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from that breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citation omitted).

The Amended Complaint alleges the existence of a contract and damages. (Doc. 16 at ¶¶ 5–7). But Defendant argues that, among other things, the Amended Complaint "fails to . . . state what policy provisions [Defendant] allegedly breached." (Doc. 18 at 9). Defendant explains that "[n]ot all components of the Plaintiff's property are insured under the Policy; nor are all losses covered." (*Id.* at 9–10).

The Amended Complaint alleges that "[t]he Policy contains a Windstorm or Hail Exclusion that provides coverage for abrupt collapse" and cites to the Policy's language. (Doc. 16 at ¶ 6). The Policy states that Defendant will not pay for damage "[c]aused by rain, snow, sand or dust, whether driven by wind or not, if that loss or damage would not have occurred but for the Windstorm or Hail." (*Id.*) The exception to that exclusion, however, is that Defendant will pay for damage "***if Windstorm or Hail results*** in a cause of loss other than rain, snow, sand or dust, ***and*** that resulting cause of loss is a Covered Cause of Loss." (*Id.* (emphasis added)). But Plaintiff's only description of the loss to its Property is that it "was damaged by an abrupt collapse," not specifying whether "Windstorm or Hail

4

result[ed]" in that collapse or if collapse is a Covered Cause of Loss.  (*See id.* at ¶¶ 6–7).

While Rule 8 does not require detailed factual allegations, a complaint does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  Because the "[a]pplicable policy language" that Plaintiff argues applies to its loss appears wholly unrelated to the loss, as described, the Court cannot draw the reasonable inference that Defendant breached the Policy by failing to pay for that loss.  (*See* Doc. 16 at ¶¶ 6–7).  Thus, the breach of contract claim is due to be dismissed.

Count II, the declaratory judgment claim, also fails.  Although Count II is pleaded as a declaratory action pursuant to Florida's Declaratory Judgment Act, the Court construes it as seeking relief under the federal Declaratory Judgment Act. *See Costa Regency, LLC v. HSBC Card Servs., Inc.*, Case No. 8:19-cv-1362-T-33JSS, 2019 WL 2567926, at *3 (M.D. Fla. June 21, 2019) ("Although the Complaint seeks a declaration under Section 86.011, Florida Statutes, the case has been removed to federal court, and so, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, governs") (citing *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016)).

The Declaratory Judgment Act "provides that a declaratory judgment may only be issued in the case of an actual controversy." *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). The ultimate question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). This claim is due to be dismissed because Plaintiff fails to identify a specific clause that requires Court clarification. *See Golfview Motel, Inc. v. Scottsdale Ins. Co.*, Case No. 2:20-cv-831-FtM-38NPM, 2020 WL 7127127, at *1 (M.D. Fla. Dec. 4, 2020) ("Identification of a contractual provision needing clarification is needed to state a claim for declaratory judgment . . . .") (citing *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012)); *see also Lizano v. Geovera Specialty Ins. Co.*, Case No. 2:19-cv-44-FtM-99MRM, 2019 WL 5085311, at *2 (M.D. Fla. Apr. 3, 2019) (dismissing complaint where it referred to "doubt" about rights under a policy but "[did] not point to a single ambiguity in the contract terms that needs construction").

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. 18) is **GRANTED**. The Amended Complaint is dismissed without prejudice. Plaintiff shall file a second amended complaint within fourteen days of the date of this order. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on April 25, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE